UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE SANTANA,

        Petitioner,

v.                                          Case No: 6:16-cv-2104-Orl-37KRS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE
OF FLORIDA,

        Respondents.
_____/

## ORDER

This cause is before the Court on Petitioner's Motion for Rehearing ("Motion," Doc. 10). Petitioner requests that the Court reconsider its Order of March 7, 2017 (Doc. 9), which dismissed this case without prejudice. Petitioner did not appeal the dismissal.

Petitioner has not indicated which Federal Rule of Civil Procedure he relies on to assert the Motion. Generally, there are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon, & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).[1]

---

[1] A motion for reconsideration is typically governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight days of entry. Fed. R. Civ. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). Federal Rule of Civil Procedure 60(b) also permits reconsideration of a district court order or judgment based on limited number of circumstances.

In the present case, Petitioner has not the met the burden to bring a motion for rehearing. Petitioner has not alleged or otherwise demonstrated that the Court should reconsider its Order based on an intervening change in controlling law or the availability of new evidence. Further, Petitioner does not explain what "manifest injustice" or "clear error" has occurred. Under the circumstances, Petitioner has not demonstrated any basis for the Court to reconsider its Order dismissing this case without prejudice.[2]

Accordingly, it is **ORDERED** that Petitioner's Motion for Rehearing (Doc. 10) is **DENIED**. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied with regard to the denial of this motion.

**DONE** and **ORDERED** in Orlando, Florida on June 7th, 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Unrepresented Party
OrlP-2 6/7

---

[2] Further, the Court finds that Petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that the Court's Order of March 7, 2017, should be vacated, altered, or amended.